HARRIS B. TABACK, ESQ., California State Bar No. 111017
LAW OFFICES OF HARRIS B. TABACK
345 Franklin Street, Ste. 102
San Francisco, CA 94102
Telephone: (415) 241-1400
Facsimile: (415) 565-0110
Email: htaback@earthlink.net

Attorney for Defendant
JOSE BUENROSTRO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>JOSE BUENROSTRO, et. al.,<br><br>Defendants. | No. 19 - CR - 602 EMC<br><br>DEFENDANT JOSE BUENROSTRO'S SENTENCING MEMORANDUM<br>Date: October 21, 2020<br>Time: 2:30 p.m.<br>Judge: Honorable Edward M. Chen<br>United States District Court Judge |

**I.**

**INTRODUCTION**

COMES NOW DEFENDANT JOSE BUENROSTRO, by and through undersigned counsel, who respectfully files this sentencing Memorandum. Initially, Counsel notes that there are not objections to the excellent Pre Sentence Report. There is a disagreement on guideline calculations as scored by the Probation Department and the Plea Agreement the parties have sent to this Honorable Court. Counsel stands by the calculation in the Plea agreement, and will leave it to the government and the Probation department to make their best arguments to resolve this issue.

Further, Counsel greatly appreciates the Probation Department's recommendation for a

downward variance based on significant 3553(a) factors. We respectfully submit along with the government that a greater variance is required in order to satisfy all elements of The Sentencing Reform Act and conclude that a substantial sentence of 60 months is not greater than necessary to reasonably punish BUENROSTRO.

Finally, Counsel does not agree with the PSR's use of the current state charges against BUENROSTRO to support a recommended sentence of 100 months. The defense has not received a single document from that case and we know little about it other than it has been charged and that none of the alleged victims were injured. The Probation Department also has no information about the charges despite requests for documents. We are not in a position to respond to the charges - other than to punch at ghosts, and submit that this Honorable Court should not consider them when determining a reasonable sentence.

JOSE BUENROSTRO is 31 years old and stands ready to accept full responsibility for his criminal activity and has expressed great remorse for the impact his behavior had on the community and his family.

## II.

## There Are Numerous 3553(a) Factors That Support A Downward Variance From The Sentencing Guidelines

The PSR identifies several 3553(a) factors that it suggests support a downward variance. Both the defense and government agree that this Honorable Court should find that a downward variance is appropriate and a sentence of 60 months should be imposed.

### A. Lack of Youthful Guidance

BUENROSTRO was born into poverty. He lost his father to deportation at a very young age and never regained a relationship with him. The PSR fully documents the serious problems of his upbringing and the challenges it presented. PSR Paragraphs 57 - 61.

BUENROSTRO lacked the parental supervision necessary to complete his education and learn discipline. He was raised by a single mother who struggled to maintain an income and care for her six children. At many times the family was nomadic and BUENROSTRO was cared for

in part by aunts as he was moved from county to county. The desperate economic reality that was always present was at best an overwhelming road block to a healthy environment, and when combined with the challenges of a single mother who could not adequately supervise her children because of the hours spent working outside the home, BUENROSTRO'S childhood obliterated his ability to reach for the hopes and dreams that all our children should well imagine.

**B. Lack of Education**

The PSR documents that "During the defendant's youth, he struggled to focus on school....Due to the defendant commuting, his family struggling financially, and feeling overwhelmed and not caring about school, he dropped out in the 11th grade." Paragraph 64.

Walking away from an education for the above described reasons is tragic. A formal education is certainly not necessary to understand that one must comport conduct within the laws of the land. It is equally true that the lack of a structured way of navigating the scrutiny of a school curriculum is a significant disability to one's compass.

**C. Family Responsibilities and Support**

BUENROSTRO has ongoing responsibilities to his three young children as documented in the PSR Paragraph 66. His five year old son Jayden suffers from a recurring brain tumor. BUENROSTRO has acknowledged that he is heartbroken that his actions alone have taken him away from his children, just like his father was removed from his life as a young child.

When a child suffers from a brain tumor every second together is beyond precious and is to be cherished. That is how BUENROSTRO views his relationship with Jayden and the fact that he must be sentenced to at least 60 months in prison is a burden that he struggles with. Those years will be particularly hard on him and his family. United States V. Merryweather, 447 F. 3rd, 625, 634 (9th cir. 2006) (potential harm to the close relationship between parent and child "outweighed the benefits of a prolonged period of incarceration to achieve deterrence, protection of the public and punishment.").

The PSR and support letters demonstrate that BUENROSTRO has a loving relationship with his children and tries to be an important part of their lives. He will be missed by his family.

Furthermore, the support letters demonstrate that he has strong family and community support and they will be impacted by his prison sentence. That support system will be with him at the conclusion of his sentence to help him abide by all terms and conditions of his Supervised Release.

**D. Substance Abuse**

BUENROSTRO'S substance abuse history is accurately documented in the PSR, Paragraph 70. He has been abusing cocaine for the past 7 years. Courts have granted a downward variance based on addiction. United States V. Garcia, 497 F. 3d 964, 971 - 72 (9th Cir. 2007).

There is no doubt that drug addiction is an illness, "a brain disease that can be treated." National Institute on Drug Abuse, National Institutes of Health, U.S. Department of Health and Human Service, Drugs, Brains, and Behavior: "The Science of Addiction ii (2007)."

BUENROSTRO stands ready to accept full responsibility for his crimes and places no blame for his conduct anywhere but on his shoulders. He understands that his substance abuse cannot excuse the poor judgment as impacted as it likely was by addiction, he demonstrated while committing the instant offences.

**E. Early Acceptance of Responsibility**

The Plea Agreement in this case was negotiated very early into the proceedings when BUENROSTRO had expressed a willingness to plead guilty. This 3553(a) factor demonstrates from BUENROSTRO a desire to accept responsibility early on and it did mitigate government time and resources on this prosecution.

**CONCLUSION**

The above 3553(a) factors support the requested variance. There is no question that BUENROSTRO must be significantly punished for his conduct. He was a member of a conspiracy for approximately 5 months and on two occasions delivered firearms in exchange for money and on one of these occasions he distributed methamphetamine with the firearm for sale. He did not set up the transactions and had no prior contact with the undercover source.

Both the government and BUENROSTRO respectfully request a sentence of 60 months. This term is particularly substantial in the light of the Covid era. Incarceration is extremely dangerous with this pandemic breathing down all our necks.

Dated: October 14, 2020

Respectfully Submitted,

LAW OFFICES OF HARRIS B. TABACK

__________/s/ _________________________
By: HARRIS B. TABACK
Attorney for JOSE BUENROSTRO